**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| WILLIAM POWELL,                )<br>                                                       )<br>                   Plaintiff,         )<br>       vs.                                      )        1:11-cv-0497-WTL-TAB<br>                                                       )<br>LASALLE BANK NATIONAL   )<br>   ASSOCIATION, et al.,            )<br>                                                       )<br>                   Defendants.      )  | |

**Entry Discussing Motion to Dismiss
or in the Alternative for Summary Judgment**

Plaintiff William Powell brings this lawsuit against the holder of his mortgage loan LaSalle National Bank Association, as Trustee ("Trustee"), the EMC Mortgage, EMC Mortgage LLC ("EMC"), and their respective parent entities, alleging that the conduct of Trustee and EMC in managing and enforcing the mortgage loan violated applicable federal and state statutes. The defendants have moved to dismiss arguing that this court does not have jurisdiction over Powell's claims based on the *Rooker-Feldman* doctrine. In the alternative, the defendants move for summary judgment arguing that Powell's claims are barred by by *res judicata*.

In his complaint, Powell alleges that EMC fraudulently declared that his mortgage loan was in default despite the fact that he was making payments, caused him to enter into a fraudulent workout agreement which required Powell to make inflated payments on his mortgage, returned payments that he made. He alleges that EMC received summary judgment based on its claim that he had not made payments in accordance with the workout agreement.

Powell's lawsuit alleges violations of the following statutes:  (1) the Fair Debt Collection Practices Act, by falsely representing the character and legal status of his debt, (2) the Fair Credit Reporting Act, by failing to keep and furnish accurate records and failing to adequately conduct an investigation, (3) the Indiana Collection Agencies Act, by failing to enact reasonable rules, policies, procedures, or training to prevent these actions, and attempting to enforce a debt which they knew or had reason to know was not legitimate, (4) the Indiana Fraud Act, by fraudulently filing a foreclosure action, fraudulently had Powell sign a modification agreement, and made false statements to Powell and the Marion County Superior Court, (5) the Indiana Deceptive Consumer Sales Act, by making false statements to the plaintiff and Marion Superior Court, (6) the Racketeer Influenced and Corrupt Organizations Act, by committing these actions in interstate commerce. Powell also alleges a claim for intentional infliction of emotional distress in that their actions were intended to embarrass, harass, belittle confuse and threaten Powell, to intimidate and coerce Powell into paying a debt which was not legitimately owed, and conspired to systematically deny Powell his right to dispute the legitimacy of a claimed debt.

Powell seeks the following relief: an injunction enjoining the defendants from further violations; injunctive relief enjoining the defendants from selling, transferring, reporting or assigning the property, compensatory damages in amount of the value of the residence; general damages for out-of-pocket loss, RICO damages, punitive damages, rescission of the agreements, and attorney's fees.

The defendants argue that because Powell's claims in this case are barred by the *Rooker-Feldman* doctrine the court does not have subject-matter jurisdiction over this case. Because the *Rooker–Feldman* doctrine is jurisdictional in nature, its applicability must be determined before considering the defendants' arguments regarding the applicability of *res judicata*. *See Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996) ("Where *Rooker–Feldman* applies, lower federal courts have no power to address other affirmative defenses, including res judicata.").

"The *Rooker–Feldman* doctrine makes clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009). This is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 126 S.Ct. 1198, 1201, 163 L.Ed.2d 1059 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *Casale*, 558 F.3d at 1260. The *Rooker–Feldman* doctrine applies when:

> **(1) the party in federal court is the same as the party in state court; (2) the prior state court ruling was a final or conclusive judgment on the merits; (3) the party seeking relief in federal court had a reasonable opportunity to raise its federal claims in the state court proceeding; and (4) the issue before the federal court was either adjudicated by the state court or was inextricably intertwined with the state court's judgment.**

*Parker v. Potter*, 368 F. App'x 945, 948 (11th Cir. 2010) (quoting *Storck v. City of Coral Springs*, 354 F.3d 1307, 1310 n.1 (11th Cir. 2003)). "A claim is inextricably intertwined if it would effectively nullify the state court judgment, [ ] or it succeeds only to the extent that the state court wrongly decided the issues. *Casale*, 558 F.3d 1258 at 1260 (internal quotation marks and citations omitted). The determination of whether a federal claim is "inextricably intertwined" hinges on whether it alleges that the supposed injury was caused by the state court judgment, or, alternatively, whether the federal claim alleges an independent prior injury that the state court failed to remedy. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir. 1999). But finding that a federal claim is inextricably intertwined with a state court judgment does not end the inquiry. Once it is determined that a claim is inextricably intertwined, we must then inquire whether "the plaintiff [did or] did not have a reasonable opportunity to raise the issue in state court proceedings." *Brokaw*, 305 F.3d at 667 (citing *Long*, 182 F.3d at 558). If the plaintiff could have raised the issue in state court, the claim is barred under *Rooker-Feldman*.

      The state court action between the parties, *LaSalle Bank National Assoc, Trustee v. Powell,* No. 49D12-0801-MF-002355, was a foreclosure action on the same property at issue in this case. Powell, EMC and Trustee were parties to that lawsuit. Powell was represented by counsel and filed a counterclaim against Trustee and a third-party complaint against EMC alleging mishandling of the same payments described in Powell's complaint. Trustee and EMC moved for summary judgment in the state court action on its claim to foreclose on the property and on Powell's counterclaim and third-party complaint. They argued in support of their motion for summary judgment that there was no evidence that they mismanaged Powell's payments. The state court granted the motion for summary judgment and foreclosed on the property.

      Powell's lawsuit covers the same ground as did the state court action. Among other relief, he seeks here an injunction preventing the defendants from selling the property, rescission of the agreements, and damages in the amount of the residence. To award any of these damages would be to reverse the state court judgment, which this court does not have jurisdiction to do. Moreover, each of Powell's claims are based on his allegation that the defendants mismanaged payments he made on his mortgage – an issue the state court explicitly decided in its summary judgment ruling. These claims are therefore "inextricably intertwined" with the state court

judgment. Powell had the opportunity to raise these claims in the state court proceedings, and did in fact argue that Trustee and EMC mismanaged his mortgage payments. While he did not bring claims against Bank of America or JP Morgan Chase in that case, he had the opportunity to do so. This court does not have jurisdiction to give him another bite at that apple.

Because consideration the claims Powell brings here would require this court to review the decision of an Indiana state court, this court does not have jurisdiction to review his claims. The defendants' motion to dismiss [16] must therefore be **granted**

**IT IS SO ORDERED.**

Date: _03/15/2012_____

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**All electronically registered counsel**

**William Powell**
**4509 E. 16th. Street**
**Indianapolis, IN 46201**